Tayxor, Chief-Justice,
dissentiente. — It is wdth reluctance that I give an opinion in this case, without having *80 heard the question argued, which might have removed the doubts I entertain, and enabled'me to give a decided judgment. At present, I can only say, I am not prepare¿ COncur in the opinion of the Court, and will briefly state the difficulties which present themselves to me. I incline to think, that the husband died seised of this land; and, that, upon his death, the title to dower accrued to the widow, which could not be divested by the subsequent sale. That a levy is a lien on the property, for certain purposes, cannot be denied, and that it would protect it against the alienation of the husband, and give priority to the creditor, amidst conflicting claims, must also be admitted; but I know of no authority for the position, that it evicts the owner, or takes away seisin, which can only be by a deed executed by himself, or by the Sheriff, under the authority of the law.
But if, before that is done, the right of the wife to dower, becomes consummate, by the death of the husband, a subsequent sale cannot dives) her right.
More effect carfnot be ascribed to a levy upon land, than to a levy upon chattels, and there we are told, from the best authority, that neither before the statute of Charles, nor since, is the property of the goods altered, but continues in the Defendant, till the execution executed. — (2 Eq. Ca. Mr. 381 — 4 Term. Rep. 536.) So that where two writs of fi. fa. were delivered to the Sheriff, on the same day, by different parties, and he executed the second first, it was holden that the second execution was good, and bound the goods, but that the Sheriff had, thereby, made himself liable to the first party.
As a creditor, claiming under a posterior execution, may, by vigilance, obtain satisfaction, notwithstanding the prior lien, why may not a widow be entitled to her •dower, claiming as she does, under a right created by law, and one which the law contemplates as being free from the demands of creditors ? But may it not be safely affirmed, that less effect belongs to a levy upon lands, *81 than upon chattels ? Can it be, that a Sheriff going upon land, and endorsing a few words upon an execution, takes away the seisin of the Defendant ? He cannot turn the Defendant out of possession and put the purchaser in, even after a sale; but the latter must resort to an ejectment.
The levy gives the Sheriff no right to possession ; it will not even amount ito colour of title, accompanied with possession ; and a Court of great respectability has decided, that “ a sei&ure of lands, by the Sheriff, does not divest the estate of the debtor.” — (8 Johns. 520.)
Although a sale, upon execution, relates back to the test of the writ, as between the parties, yet it is a rule, with respect to the doctrine of relation, that it shall do no wrong to strangers.
It is a fiction of law, adopted for the furtherance of justice, and would, in this case, overreach all mesne liens, created by the debtor himself, and, to á certan extent, all others by subsequent executions. , But the dower of the wife is a right attached to her condition, which becomes consummate by the death of the husband; it is a right derhed from the lawT, independent of any act, or assent, of her husband, and ought not.to be overthrown by a fiction.
Fictions have been resorted to, to sustain the w'idow’s right to dower, which was favoured by the common law, but never to subvert it.' — (3 Coke, 25' — Butler and Barker’s case.) in Manville’s case, it is said, that by relation, a thing may be considered as annulled, ab initio, between the same parties, to advance a right; but the law will never make such a construction to advance a wrong, or to defeat collateral acts which are lawful, and principally, if they concern strangers. — (13 Coke, 21.)
It is also ruled in Lifford’s case, (11 Coke, 51,) that where a person is disseised, the disseisee, after re-entry, can maintain trespass against the desseisor; for the,law, as to the disseisor and his servants, will suppose the *82 freehold to have continued in the disseisee $ but not sd with respect to strangers, who came in by right or title, under the disseisor; they cannot be made trespassers by relation. So it has been held, in this Court, that a Sheriff’s deed for land, sold under an execution, does not relate back, even to the sale, so as to make a man a trespasser, who entered between the sale and the conveyance.—(2 L. Rep. 89.)
These are some of my doubts, which I have thus thrown out, that if the question should again occur, and ■we should have the advantage of an argument, they may be considered, if deemed worthy of it.